UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| STEVEN L. MURR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:10-cv-372 |
| | ) (Phillips) |
| TARPON FINANCIAL CORPORATION, and | ) |
| KEVIN JONES, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Rule 12(c) Motion for Judgment on the Pleadings [Doc. 10]. Plaintiff has filed suit under the Fair Debt Collection Practices Act ("FDCPA"), alleging, what the Court interprets as, four instances of illegal conduct:

a. Failure to correctly state the amount of the debt within five days after the initial communication;

b. False representation of the amount of the debt;

c. Failure to include 15 U.S.C. §1692(e)(11) language in subsequent communication; and

d. The Defendant collected debts without a state licence to do so.

Defendant has moved for a Judgment on the Pleadings 12(c) of the Federal Rules of Civil Procedure. [Doc. 10]. Plaintiff has responded [Doc. 19]; the Defendant has not replied. For the following reasons, Defendant's Motion for Judgement on the Pleadings [Doc. 10] is **DENIED**.

1

**I.     JURISDICTION**

The Court notes that it has jurisdiction over the FDCPA claim pursuant to 28 U.S.C. § 1331.

**II.    RELEVANT FACTS**

The following facts are taken mostly from plaintiff's Amended Complaint , [Doc. 16]. The Plaintiff alleges that the Defendant is engaged in the business of purchasing charged-off consumer debts and then attempts to collect those debts from consumers. In September of 2006, the Plaintiff used a loan issued by Fairway Lending Corporation ("Fairway") to purchase an automobile from Patriot Motors West in Knoxville. *Id. at* 16-2. At some point, the Plaintiff became delinquent in repaying the loan issued by Fairway. In 2010, Tarpon, through counsel, sent Mr. Murr a collection letter requesting payment toward the balance of the outstanding loan between Mr. Murr and Fairway; the letter also requested attorney fees. *Id. at* 16-1;16-2.

Tarpon alleges that it is the actual creditor [Doc. 11 at 6], that is, that Tarpon issued monies to the Plaintiff, while the Plaintiff argues that the Defendant acquired the debt from another company, Fairway [Doc. 19 at 9-11]. The Defendant does not mention the existence of Fairway in its Motion, nor does the Defendant mention the existence of Fairway in its reply to the Complaint.

**III.   STANDARD OF REVIEW**

The Defendant has filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The standard for ruling on a motion for judgment on the pleadings is the same as the standard in context of a 12(b)(6) motion to dismiss. *Paige v. Coyner,* 614 F.3d 273, 277 (6th Cir. 2010); *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008).

2

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will accept as true the facts as the plaintiff has pleaded them. *Inge v. Rock Fin. Corp.,* 281 F.3d 613, 619 (6th Cir.2002); *Performance Contracting, Inc. v. Seaboard Surety Co.,* 163 F.3d 366, 369 (6th Cir.1998). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In deciding whether to dismiss under Rule 12(b)(6), the court accepts "all the plaintiff's factual allegations as true and construes the complaint in the light most favorable to the plaintiff." *Gunasekera v. Irwin,* 551 F.3d 461, 466 (6th Cir. 2009). However, to survive dismissal, the complaint must contain enough facts to establish a "plausible," as opposed to merely a "possible," entitlement to relief. *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)). Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal,* 129 S.Ct. at 1949. Finally, a district court's consideration of documents that are central to the plaintiff's claims and to which the complaint refers and incorporates as exhibits is proper when assessing a Rule 12(b)(6) motion. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

**IV. ANALYSIS**

    **A. Analytical Framework**

The FDCPA was passed in 1977 to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). To succeed on a claim under the FDCPA, a plaintiff must show that the money or property being collected qualifies as a "debt." 15 U.S.C. § 1692a(5).

Second, the collecting entity must qualify as a "debt collector." 15 U.S.C. § 1692a(6). Third, a plaintiff must show that the debt collector violated a provision of the FDCPA, 15 U.S.C. §§ 1692 *et seq*.

### 1.  Plaintiff Has Alleged Sufficient Facts Demonstrating That There Was A "Debt" Within the Meaning of 15 U.S.C. § 1692a(5)

Plaintiff states that he obtained a loan in 2006 from Fairway to purchase a vehicle from Patriot Motors West in Knoxville. Plaintiff alleges that Defendant attempted to collect this debt after the Plaintiff defaulted. Assuming that Plaintiff obtained the loan from Fairway, that would qualify as a "debt" within the meaning of 15 U.S.C. § 1692a(5).

### 2.  Plaintiff Has Alleged Sufficient Facts Demonstrating That The Defendant Is A "Debt Collector" Within the Meaning of 15 U.S.C. § 1692a(6)

As a threshold matter, the court must determine whether Tarpon and Mr. Jones are "debt collectors" within the meaning of the FDCPA, 15 U.S.C. § 1692a(6). As a matter of law, liability under 15 U.S.C. §§ 1692 *et seq*. can only attach to those who meet the statutory definition of a "debt collector." The statute defines "debt collectors" as:

> . . . any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another . . . *For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.*

15 U.S.C. 1692a(6) (emphasis added). Defendants argue that they are not debt collectors within the meaning of the FDCPA; rather, Tarpon alleges that it is the actual creditor [Doc. 11 at 6], that is, that Tarpon issued monies to the Plaintiff. Contrarily, the Plaintiff argues that the Defendant acquired the debt from another company, Fairway Lending Corporation ("Fairway") [Doc. 19 at 9-11]. The

4

Defendant does not mention the existence of Fairway in its Motion, nor does the Defendant mention the existence of Fairway in its reply to the Complaint.

Defendant argues, in its Motion, that "[p]laintiff's assertion that Mr. Jones is a "debt collector" is conclusory and not supported by any other factual allegations." [Doc. 11 at 7]. The Plaintiff's allegation that the Defendant is a debt collector is not conclusory.[1] The Plaintiff provides a great deal of factually-oriented argument that the Plaintiff secured the debt at issue from Fairway, not Tarpon. The Plaintiff then argues that Tarpon acquired the debt from Fairway and then attempted to collect the debt from the Platintiff–making the Defendant a debt collector under the FDCPA. On the other hand, the Defendant does not address the Plaintiff's argument whatsoever, and Defendants affirmative defense (that allegation that it is not a debt collector) is perfectly conclusory. The Defendant's argument regarding the existence of Fairway and its relationship as successor or vendor of debts is less than conclusory; in fact, Defendant's rebuttal is nonexistent.

This distinction is important because "creditors" are generally not subject to the FDCPA. *Montgomery v. Huntington Bank*, 346 F.3d 693, 699 (6th Cir. 2007) (citing *Stafford v. Cross Country Bank*, 262 F.Supp. 2d 776, 794 (W.D. Ky. 2003) (recognizing that "a creditor is not a debt collector for the purposes of the FDCPA and creditors are not subject to the FDCPA when collecting their accounts.")). The FDCPA defines "creditors" as "any person who offers or extends credit creating a debt or to whom a debt is owed . . ." 15 U.S.C. § 1692a(4). Under the FDCPA, "creditors" who collect in their own name are not "debt collectors." *Maguire v. Citicorp Retail Servs.*, 147 F.3d 232,

---

[1] Not that the matter is determinative, but it is interesting that the Defendant did in fact send a letter to the Plaintiff claiming to be a debt collector. *See* LETTER: From Law Offices of Kevin Jones to Steve Murr "this is a communication from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose." [Doc. 16-1]. Since the Court does not need to rely on the letter for its ruling, the Court will not discuss whether the letter is sufficiently central and incorporated so as to be properly considered a part of the complaint. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

5

235 (2d Cir. 1998). The text of the FDCPA. as well as its legislative history, make clear that the Act was not intended to apply to creditors. *See* S.Rep. No. 95-382, at *2 (U.S. Code Cong. & Admin.News 1977, pp. 1695, 1696-97) ("Unlike creditors, who generally are restrained by the desire to protect their good will when collecting past due accounts, independent collectors are likely to have no future contact with the consumer and often are unconcerned with the consumer's opinion of them.").

While creditors are generally not subject to the FDCPA, a creditor becomes liable if "in the process of collecting his own debts, [it] uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. 1692a(6). *See also Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003) (recognizing that "[c]reditors who use names other than their own- such as a third-party name - to collect on their own debts also qualify as debt collectors under the Act."). A creditor becomes liable when it uses a name that implies a third party is involved in collecting its debts, "pretends to be someone else," or "uses a pseudonym or alias." *Maguire*, 147 F.2d at 235 (*quoting Villarreal v. Snow*, 1996 WL 473386, at *3 (N.D. Ill. Aug. 19, 1996)).

The existence of Fairway as either the predecessor in interest to Tarpon, a pseudonym used by Tarpon for debt collection purposes, or whether Tarpon's purchased the debt at issue from Fairway, is a material issue of fact that may very well be dispositive in this matter. If, for example, Tarpon acquired the debt from Fairway as part of its successor in interest status, prior to default, Tarpon would not be a debt collector under the FDCPA; however, since Tarpon chose to not address the Plaintiff's allegation that it acquired the debt from Fairway after default, and is in the business of acquiring debts in order to collect them generally, the Court, for the purposes of a 12(c) motion, will assume all facts alleged by the Plaintiff in his favor. Accordingly, the Court will assume that the

Plaintiff's allegation is true and Defendant acquired the debt after default and is thus a debt collector and not the original creditor.

### 3. Plaintiff Has Alleged Sufficient Facts To, If Taken To Be True, Establish The Defendant Violated A Provision Of The FDCPA.

Plaintiff has filed suit under the Fair Debt Collection Practices Act ("FDCPA"), alleging four instances of illegal conduct:

a. Failure to correctly state the amount of the debt within five days after the initial communication;

b. False representation of the amount of the debt;

c. Failure to include 15 U.S.C. §1692(e)(11) language in subsequent communication; and,

d. The Defendant collected debts without a state licence to do so.

In the Plaintiff's Response in Opposition to Defendants Motion for Judgment on the Pleadings, the Plaintiff describes detailed facts that, if taken to be true, prove the above allegations. The above-cited allegation are, if taken to be true, violations of the FDCPA and the Plaintiff has successfully plead sufficient, non conclusory, facts that support his various claims.[2]

## V. CONCLUSION

on Defendant's Rule 12(c) Motion for Judgment on the Pleadings [Doc. 10] is **DENIED**.

---

[2] The Defendant's most-compelling argument is that the inclusion of attorney's fees in its collection efforts is not unlawfully misleading since the underlying loan contract permits the collection of "reasonable attorney's fees." While the Defendant's argument is compelling, determining whether the introduction of the fee at the alleged amount constitutes an abusive or unreasonable practice (or an unreasonable amount) is best decided at a later stage of the litigation. In other words, there is more than a mere possibility that the Plaintiff could prove that the calculation and amount of attorney's fees in this case was improper as applied to this Plaintiff.

**IT IS SO ORDERED**.

**ENTER:**

　　　s/ Thomas W. Phillips　　
United States District Judge